FRANK, Judge.
David McPherson was convicted of committing four crimes. Prior to trial, McPherson filed a motion seeking to terminate his appointed counsel relying upon claimed irreconcilable conflicts, the competency of his counsel and his counsel’s failure to pursue witnesses and evidence offered by McPherson. He raises two issues on appeal, only one of which warrants consideration. The trial court summarily denied McPherson’s motion referring to an earlier denial of a motion for continuance because of McPherson’s failure to disclose witnesses.
Extensive reference to authority is not essential in demonstrating the trial court’s error in denying McPherson’s effort to end his representation by appointed counsel. The trial court’s reliance upon an earlier decision, reached at the pretrial conference, that McPherson did not disclose his witnesses for some ten months was misplaced in determining, without more, to reject his motion for the termination of appointed counsel. The lack of any Nelson inquiry in the record compels our decision. Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988), cert, denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Bowen v. State, 677 So.2d 863 (Fla. 2d DCA 1996) (en banc), rev. granted 687 So.2d 1305 (Fla.1997).
Accordingly, we reverse the convictions and remand for a new trial.
SCHOONOVER, A.C.J., and BLUE, J., concur.